FILED D/F
IN CLERK'S OFFICE Rec'd
U.S. DISTRICT COURT E.D.N.Y. 9/28/12
★ SEP 01 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
CARLTON WALKER,

      Plaintiff,

  -against-

ANDREW M. CUOMO, in his individual and official
official capacities as Governor, Policymaker and Manager
for New York State; JOHN J. SANTUCCI, in his
individual and official capacities as Manager for Queens
County District Attorney's Office, and Policymaker for
Queens County and New York City; RICHARD A.
BROWN, in his individual and official capacities as
Manager for Queens County District Attorney's Office,
and Policymaker for Queens County and New York City;
AUDREY I. PHEFFER, in her individual and official
capacities as Clerk of the Supreme Court, County Clerk,
official and surrogate of the State of New York;
LAURENCE J. GROSS, Esq., in his individual and official
capacities as Appellate Counsel and as an official and
surrogate of the State of New York; and JOHN DOE, in
his/her individual and official capacities as stenographer of
the Queens County Supreme Court,

      Defendants.
-------------------------------------------------------------------- X

12-CV-4512 (ARR) (LB)

<u>NOT FOR ELECTRONIC
OR PRINT PUBLICATION</u>

<u>MEMORANDUM AND
ORDER</u>

ROSS, United States District Judge:

  On August 27, 2012, plaintiff Carlton Walker, incarcerated at Otisville Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983. On September 19, 2012, he filed an amended complaint. On September 26, 2012, plaintiff paid the filing fee although he had previously requested to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

  On February 19, 1985, plaintiff was sentenced before the Supreme Court of the State of

New York, Queens County, to terms of imprisonment of twenty-five years to life for murder in the second degree, twelve-and-one-half to twenty-five years for robbery in the first degree, and five to fifteen years for criminal possession of a weapon in the second degree. See Walker v. Senkowski, 769 F.Supp. 462, 464 (E.D.N.Y. 1991); Walker v. Senkowski, No. 91-cv-1865, 1991 U.S. Dist. LEXIS 15476 (E.D.N.Y. Aug. 16, 1991); People v. Walker, 143 A.D. 2d 784 (N.Y. App. Div. 1988) (conviction affirmed), leave to appeal denied, 73 N.Y. 2d 984 (1989), reconsideration denied, 73 N.Y. 2d 1023 (1989); see also People v. Walker, 226 A.D. 749 (N.Y. App. Div. 1996) (error *coram nobis* denied), appeal dismissed, 88 N.Y. 2d 887 (1996), cert. denied, 519 U.S. 844 (1996). In state court, plaintiff filed a direct appeal as well as numerous post-conviction challenges to this judgment of conviction. See id. In federal court, plaintiff filed three petitions for a writ of habeas corpus, all of which were denied. See Walker, 769 F. Supp. 462;[1] Walker v. Senkowski, No. 91-cv-1865 (E.D.N.Y. filed May 23, 1991); Walker v. Senkowski, No. 93-cv-3534 (E.D.N.Y. filed Aug. 6, 1993). In addition, plaintiff filed several civil rights complaints and numerous motions related to this judgment of conviction, all of which were dismissed. See Walker v. Leahy, No. 85-cv-2773 (E.D.N.Y. filed July 25, 1985); Walker v. Giaccio, No. 91-cv-3803 (E.D.N.Y. filed Sept. 30, 1991); Walker v. Leahy, No. 92-cv-5413 (E.D.N.Y. filed Nov. 17, 1992).

In this action, plaintiff alleges that his constitutional rights were violated as a result of the government's failure to transcribe *voir dire* proceedings in his criminal trial. Am. Compl. at 12-17, 22-33. In this regard, he claims that, in various post-conviction proceedings, the state and federal courts "relied on . . . false and misleading information and argument, written in the State's Opposition brief to rule[] against the Plaintiff." Id. at 23, ¶ 64. Plaintiff also alleges the

---

[1] The court also denied petitioner's application for reconsideration of the denial of a certificate of appealability and directed the Clerk of Court not to accept further filings under docket number 89-CV-3118. See Compl., Ex. D.

county clerk, his appellate attorney, and an unnamed court stenographer violated his rights when they failed or refused to provide plaintiff with a complete record of his state court criminal proceedings. Id. at 29-34.

## DISCUSSION

I. Standard of Review

A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. The court is required to read a plaintiff's *pro se* complaint liberally and to interpret it as raising the strongest arguments it suggests, particularly where, as here, plaintiff's complaint alleges civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). Upon review, however, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is mandatory).

II. Plaintiff's Amended Complaint is Subject to Dismissal

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87. The underlying basis for this holding is "that civil tort actions are not appropriate

3

vehicles for challenging the validity of outstanding criminal judgments." Id. at 486. The principle applies to § 1983 actions "that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution." Id. Because a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence and because plaintiff fails to allege that his conviction has been invalidated, plaintiff's § 1983 claims are dismissed without prejudice to refiling if the underlying judgment of conviction is invalidated. Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999); see also Edwards v. Balisok, 520 U.S. 641, 646-48 (1997) (applying Heck rule to claims for declaratory relief).

To the extent that Heck does not bar the instant action, it is barred by the three-year statute of limitations. Plaintiff was aware that the *voir dire* proceeding was not transcribed or that the record was not available by August 9, 1991, when this court adjudicated his first habeas corpus petition. See Walker, 769 F.Supp. at 464 & n.3 (stating "there is no record of the *voir dire*," noting that "in state court, unless the defendant requests that jury *voir dire* be transcribed it is not done," and observing the absence of any allegation that Walker had made such a request). The statute of limitations for a § 1983 action arising in New York is three years, Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994), and a cause of action under section 1983 accrues "when the plaintiff knows of or has reason to know of the injury which is the basis of his action," Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (citation and internal quotation marks omitted). Here, plaintiff was aware that the *voir dire* record was not transcribed or available by at least 1991, more than 20 years ago, and the statute of limitations on any claims he may have

4

stemming from that fact began to run at that time. Pearl, 296 F.3d at 80. Plaintiff did not commence this action until August 27, 2012, well after the three-year statute of limitations had elapsed. Plaintiff's amended complaint does not suggest a basis for equitable tolling; therefore, plaintiff's §1983 claims, to the extent they survives under Heck, are time-barred.

## CONCLUSION

The amended complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. Plaintiff's request to proceed *in forma pauperis* is denied as moot. Although plaintiff paid the filing fee to commence this action, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith; therefore, *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: September 27, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Carlton Walker
# 85-A-1559
Otisville Correctional Facility
57 Sanitorium Road
P.O. Box 618
Otisville, NY 10963