UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X  NOT FOR ELECTRONIC
                                                              OR PRINT PUBLICATION
CARLTON WALKER,

                Plaintiff,
  -against-                                               MEMORANDUM
                                                              AND ORDER
ANDREW M. CUOMO, et al.,                                      12-CV-4512 (ARR)

                Defendants.
-----------------------------------------------------------X
ROSS, United States District Judge:

      On August 27, 2012, plaintiff Carlton Walker, incarcerated at Otisville Correctional Facility, filed this pro se action pursuant to 42 U.S.C. § 1983. By order dated September 27, 2012, the court denied as moot plaintiff's request to proceed in forma pauperis and dismissed the complaint. See Walker v. Cuomo, No. 12-CV-4512 (ARR)(LB), 2012 WL 4490760, at *3 (E.D.N.Y. Sept. 27, 2012). Judgment was entered on October 1, 2012. On October 15, 2012, plaintiff filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Dkt. # 10-12. For the reasons explained below, the court declines to alter its judgment and denies plaintiff's motion.

I.    *Standard of Review*

      A motion for reconsideration of a court's judgment is permitted under Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to file a motion to alter or amend the judgment within twenty-eight days after entry of judgment. Generally, motions for reconsideration are not granted "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple . . . .'" Sequa

Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).

II.     *Discussion*

Plaintiff's instant complaint was an attempt to challenge his 1985 Queens County conviction. Plaintiff alleged that his constitutional rights were violated because the State failed to transcribe voir dire proceedings in his criminal trial and because he was deprived of a complete record of his criminal proceedings. The court noted that plaintiff had (i) appealed his conviction in state court, (ii) filed numerous post-conviction challenges in state court, (iii) filed three petitions for a writ of habeas corpus in federal court, and (iv) filed civil rights complaints and numerous motions related to this judgment of conviction in federal court. See Walker, No. 12-CV-4512 (ARR)(LB), 2012 WL 4490760, at *1. The court found that the complaint was barred under Heck v. Humphrey, 512 U.S. 477 (1994), and also found that it was time-barred under the three-year statute of limitations period. Id. at *2. Plaintiff alleges in his Rule 59(e) motion that this court was disqualified due to its "prior connection with the facts and circumstances of the case," Dkt #11, at 4, and disputes the court's legal determinations.

First, there is no basis for plaintiff's allegations of bias on the part of the court. See Liteky v. United States, 510 U.S. 540, 555 (1984) (adverse "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); United States v. Arena, 180 F.3d 380, 398 (2d Cir. 1999) (recusal is not required when the alleged bias on the part of the judge is "remote, contingent, or speculative."), abrogated on other grounds by Scheidler v. Nat'l Org. for Women, 537 U.S. 393 (2003).

Second, there is no merit to plaintiff's argument that Heck is inapplicable to him because he has been "barred . . . from ever obtaining any habeas corpus relief on his criminal case." Dkt. #11, at 4. This court has not "permanently barred [plaintiff] from ever obtaining habeas corpus relief."

2

Id. The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003); 28 U.S.C. § 2244(b)(3)(A). Because plaintiff has already filed several habeas petitions, he must seek permission from the United States Court of Appeals to file a successive habeas petition.

Moreover, the complaint itself argues that defendants' failure to transcribe the jury voir dire has "deprived [plaintiff] of all hope of any adequate and effective appeal." Compl. at 6 (internal quotation marks omitted). Therefore, plaintiff's allegations of a constitutional violation based on defendants' alleged failure to record the voir dire plainly is an initial step along a path leading to a challenge to his underlying conviction. As the court explained in its September 27, 2012 Order, that path is blocked by Heck, 512 U.S. at 487 ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

With respect to the statute of limitations, although a time bar is an affirmative defense, a court may dismiss a complaint for failure to state a claim "'if the defense appears on the face of the complaint.'" Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 159 (2d Cir. 2003) (quoting Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998); see also Pino v. Ryan, 49 F.3d 51, 54 (2d Cir. 1995) (holding sua sponte dismissal under 28 U.S.C. § 1915(d) based on statute of limitations permissible when time bar appears on face of complaint). Here, the complaint quoted the district court's 1991 opinion stating, "'there is no record of the voir dire'" and "'Apparently, in state court, unless the defendant requests that the jury voir dire be transcribed it is not done.'" Compl. at 11-12 (quoting Walker v. Sendowski, 769 F.

3

Supp. 462, 464, 464 n.3 (E.D.N.Y. 1991)). Accordingly, it is clear on the face of the complaint that plaintiff was on notice in 1991 that there was no record of the jury voir dire in his case. There is thus no factual dispute, as plaintiff suggests, Dkt. #11, at 5, as to when plaintiff was on notice.

However, plaintiff is correct that the court should not have dismissed his complaint on the basis that the complaint did not suggest a basis for equitable tolling. In <u>Abbas v. Dixon</u>, 480 F.3d 636, 639-40, the Second Circuit reviewed a <u>sua sponte</u> dismissal under 28 U.S.C. § 1915A where the district court found "no basis to toll the limitations period" on the face of the complaint. <u>Id.</u> at 640 (internal quotation marks omitted). The Second Circuit held that the district court should not have dismissed the complaint without granting the plaintiff notice and opportunity to be heard on whether he might have a meritorious tolling argument. <u>Id.</u> While a § 1983 claim generally accrues "once a plaintiff knows or has reason to know of the injury which is the basis of his action," when a plaintiff experiences a "continuous practice and policy of discrimination . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." <u>Cornwell v. Robison</u>, 23 F.3d 694, 703 (2d Cir. 1994) (internal quotation marks and citations omitted). Accordingly, this court should have provided plaintiff notice and opportunity to be heard on the issue of equitable tolling before dismissing the complaint pursuant to § 1915A.

Nevertheless, the court now considers the tolling arguments made in plaintiff's Rule 59(e) motion and finds them to be without merit. <u>See id.</u> at 641 (considering Abbas's tolling arguments presented in claims against defendants that survived <u>sua sponte</u> dismissal, and finding them to be meritless). Plaintiff's equitable tolling argument boils down to a claim that defendants have subjected him to a continuing constitutional violation, which "ha[s] deprived, continu[e] to deprive[], and threaten[] to deprive[] plaintiff of all hope of any adequate and effective appeal." Dkt. #11, at 26 (internal quotation marks omitted). Putting aside the obvious <u>Heck</u> problem with this

4

argument, plaintiff's complaint is insufficient to allege "specific <u>ongoing</u> discriminatory policies or practices" such that a continuing violation may be found. <u>Cornwell</u>, 23 F.3d at 704 (emphasis added). Plaintiff's repeated conclusory statements that he is the victim of a continuing constitutional violation do not suffice to turn a single alleged injury – about which plaintiff was on notice in 1991 – into a continuing violation. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Accordingly, having considered plaintiff's arguments for equitable tolling in his Rule 59(e) motion, the court finds no basis for tolling the statute of limitations. Therefore, the court finds that plaintiff's claims are time-barred.

## **Conclusion**

For the foregoing, plaintiff's Rule 59(e) motion is denied. Although plaintiff paid the filing fee to commence this action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                   s/Allyne R. Ross  
                                                 Allyne R. Ross  
                                                 United States District Judge

Dated: October 26, 2012  
       Brooklyn, New York

**Service List:**

Carlton Walker
#85-A-1559
Otisville Correctional Facility
P.O. Box 8
Otisville, NY 10963